■ HOTEL 71 MEZZ LENDER LLC, Respondent, v GUY T. MITCHELL, Appellant et al., Defendants. [880 NYS2d 67]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered April 21, 2008, to the extent appealed from, awarding plaintiff the amount of $52,404,066.54 on a guaranty as against defendant Guy T. Mitchell, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 13, 2008, which, inter alia, granted plaintiff's motion for summary judgment against Mitchell, unanimously dismissed,

without costs, as subsumed in the appeal from the aforesaid judgment. Order, same court and Justice, entered May 14, 2008, which, inter alia, granted plaintiff's motion to strike Mitchell's answer, affirmative defenses and counterclaims, unanimously affirmed, with costs.

Plaintiff met its burden of establishing prima facie that it made a loan to Chicago H & S Senior Investors, LLC, that Mitchell executed a personal guaranty of repayment of the loan in the event of Chicago H & S's default, and that Chicago H & S defaulted on the loan (*see Eastbank v Phoenix Garden Rest.*, 216 AD2d 152 [1995], *lv denied* 86 NY2d 711 [1995]). Both the guaranty and the subsequent forbearance agreement, in which the guaranty was reaffirmed, contain express waivers of any and all defenses to enforcement of the guaranty. The language of the waivers is sufficiently specific to bar Mitchell's asserted defenses of frustration of performance of Chicago H & S's obligations under the loan agreement by plaintiff, breach of the covenant of good faith and fair dealing, and fraudulent inducement (*see Sterling Natl. Bank v Biaggi*, 47 AD3d 436 [2008]; *Red Tulip, LLC v Neiva*, 44 AD3d 204, 209-210 [2007], *lv dismissed* 10 NY3d 741 [2008]).

In any event, these defenses are without merit. Mitchell asserts that plaintiff breached express or implied provisions of the loan agreement, or impaired Mitchell's interest in the collateral, thereby discharging his obligation on the guaranty to the extent that such impairment devalued the collateral, by failing to disburse funds and give its approvals of certain decisions regarding management of the subject building and marketing of the condominium units contained therein in a timely fashion. However, Mitchell fails to identify a single contractual provision that plaintiff allegedly breached, and indeed, the loan agreement does not impose any specific time constraints on plaintiff with regard to said disbursements and approvals. In any event, Mitchell's defenses sounding in breach of contract are premised on allegations of misconduct by plaintiff vis-à-vis Chicago H & S alone and therefore belong to and may be asserted by Chicago H & S alone (*see Citibank v Plapinger*, 66 NY2d 90, 93 n [1985]; *Walcutt v Clevite Corp.*, 13 NY2d 48, 55-56 [1963]). Mitchell's allegations supporting his defense of fraudulent inducement sound in failure to perform promises of future acts, which amounts simply to breach of contract. Mitchell does not allege that plaintiff breached any duty owed him separate and apart from the contractual duty (*see Tesoro Petroleum Corp. v Holborn Oil Co.*, 108 AD2d 607 [1985], *appeal dismissed* 65 NY2d 637 [1985]).

Based on Mitchell's willful defiance of its order to appear for his continued deposition, the court properly dismissed Mitchell's counterclaims, which in any event were virtually identical to his affirmative defenses, and precluded him from offering his own testimony in support of his defenses and counterclaims.

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Buckley, Moskowitz, DeGrasse and Richter, JJ.