■ FORTRESS CREDIT CORP. et al., Respondents, v HUDSON YARDS, LLC, et al., Defendants, and BARUCH SINGER, Appellant. [912 NYS2d 41]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 18, 2009, as amended by order, same court and Justice, entered November 13, 2009, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on their claims for foreclosure and a conditional deficiency judgment against defendant-appellant guarantor (defendant), and dismissed defendant's counterclaims, unanimously affirmed, with costs.

Plaintiffs met their prima facie burden by producing the mortgage documents and undisputed evidence of default, namely, nonpayment and a transfer of the mortgaged property without plaintiffs' prior consent; in addition, plaintiffs showed that defendant signed a personal guaranty as additional collateral for the note. Thus, the burden shifted to defendant to raise a triable issue of fact regarding his affirmative defenses to foreclosure (see Red Tulip, LLC v Neiva, 44 AD3d 204, 209-210 [2007], lv denied 13 NY3d 709 [2009]). Defendant's affirmative defenses, however, are precluded by the guaranty, which waived all defenses and counterclaims except actual payment and performance in full, which defendant has not alleged (id.). It does not avail defendant that his defense—plaintiffs' alleged tortious interference with a potential sale of the mortgaged property for an amount in excess of the outstanding mortgage obligations—arose after the waiver had been executed (see Hotel 71 Mezz Lender LLC v Mitchell, 63 AD3d 447, 448 [2009]). In any event, defendant's allegations of interference lack evidentiary support (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383-384 [2004]). We have considered defendant's other arguments and find them unavailing. Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.