NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 7, 2015[*]
Decided April 17, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 14-2644 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| WELLS FARGO BANK, N.A., *Plaintiff-Appellee,* | |
| *v.* | No. 12-C-271 Rudolph T. Randa, *Judge.* |
| IVAN RENE MOORE, *Defendant-Appellant.* | |

**Order**

Companies in which Ivan Rene Moore had an interest borrowed several million dollars from Wachovia Bank, which has since merged into Wells Fargo Bank. Moore guaranteed the borrowers' debts. When they did not pay, and Moore failed to perform his guarantees, Wells Fargo filed this suit under the diversity jurisdiction, seeking money damages and the foreclosure of assets securing the loans. All corporate defendants de-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

faulted; only Moore answered the complaint. The district court granted summary judgment for Wells Fargo and entered a judgment requiring Moore to pay more than $7.1 million.

The judgment says that default judgment has been entered against the corporate defendants but does not specify any relief (other than money damages) with respect to them. By leaving the Bank's request for foreclosure and other specific relief dangling, the judge potentially made the judgment non-final. But the judgment also states that the case has been terminated. This means that the district court is done with the litigation and that any aggrieved party can appeal—if only for the purpose of asking us to tell the district judge to finish the job. See *Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725 (7th Cir. 2006). The Bank did not get all of the relief it sought; it might well have appealed, but as in *Chase Manhattan* it did not do so.

Moore is entitled to appeal the judgment against him. Some parts of his brief suggest that he is seeking relief on behalf of the corporate defendants, but (a) they have defaulted and so forfeited their defenses, and (b) Moore is not a lawyer and could not represent them even if they had preserved issues for appeal. The corporations need not be discussed further. Nor need we discuss Moore's efforts to assert counterclaims that he thinks belong to the debtors. Guarantors cannot do that under New York law, which supplies the rule of decision under these contracts. See, e.g., *Hotel 71 Mezz Lender LLC v. Mitchell*, 63 A.D. 3d 447, 448 (N.Y. App. Div. 2009). At all events, his guarantees waive the sort of contentions he proposed to advance as counterclaims.

Moore does not contend that the corporations paid as agreed, nor does he contend that he honored his guarantees of their debts. Instead he maintains that Wells Fargo cannot enforce the guarantees, because it is not a party to the contracts or a third-party beneficiary, and it cannot produce an assignment of Wachovia's rights. Yet none of these things is necessary. The surviving entity in a corporate merger acquires all of its predecessors' rights (and obligations) as a matter of law; there is no need for document-by-document assignments. See *PNC Bank, N.A. v. Klein*, 125 A.D. 3d 953 at *2 (N.Y. App. Div. 2015).

Moore also contends that the Bank should have pursued other potentially responsible persons or businesses before invoking his guarantees, and he wanted the district court to join them as necessary parties. But the guarantees waive any entitlement to have the Bank pursue other sources. They make Moore jointly and severally liable, and a creditor can collect a joint-and-several debt from any obligor in any ratio it chooses. Proceeding without benefit of counsel in a transaction of this magnitude may or may not have been prudent, but Moore's misunderstanding of the contracts' terms is no de-

fense to their enforcement. Nor was Moore entitled to additional discovery. He did not file discovery requests until eight months after the district court's deadline for them. What's more, even now he cannot point to any legally important evidence that is missing from the record. Given the terms of the guarantees, and Moore's concession that the debtors have not paid, the record contains all that is necessary to decision.

Moore's other contentions have been considered but do not require discussion.

AFFIRMED