NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 7, 2015*
Decided October 13, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 15-2123 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| WELLS FARGO BANK, N.A., *Plaintiff-Appellee*, | |
| *v.* | No. 12-C-271 Rudolph T. Randa, *Judge*. |
| IVAN RENE MOORE, *Defendant-Appellant*. | |

**Order**

Our first decision in this case affirmed the district court's judgment. *Wells Fargo Bank, N.A. v. Moore*, No. 14-2644 (7th Cir. Apr. 17, 2015) (nonprecedential disposition). We observed along the way that Wells Fargo Bank had not received full relief but that it had not filed a cross appeal, and we concluded that this did not make the judgment non-final.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

After that order was released, the Bank asked the district court for the relief (foreclosure and replevin) that had been omitted from its judgment. It relies on Fed. R. Civ. P. 60(b)(1), which permits post-judgment relief when a "mistake" has been made. The Bank characterized the incomplete judgment as a mistake. After our mandate issued, the district judge acknowledged that he had made a mistake in drafting the judgment and awarded the Bank the additional relief it had requested.

Moore's second appeal does not contest the substance of this decision. Instead he maintains that the district court lacked jurisdiction to act. Yet the court waited until our mandate had been issued. The principle that only one court at a time has jurisdiction means that, between the filing of the appeal and the issuance of the appellate mandate, the district court cannot act without the court of appeals' permission. Once the mandate has issued, however, the district court's authority resumes. Rule 60(b)(1) authorizes post-judgment relief, and appellate permission is unnecessary. *Standard Oil Co. v. United States*, 429 U.S. 17 (1976); *LSJL Partnership v. Frito-Lay, Inc.*, 920 F.2d 476, 478 (7th Cir. 1990).

The Bank's motion was filed within the year allowed for Rule 60(b)(1) motions, and the district court did not abuse its discretion in concluding that the Bank acted within a reasonable time after recognizing the mistake.

AFFIRMED