■ I BLDG, INC., Respondent, v HONG MEI CHEUNG, Appellant. [26 NYS3d 463]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 19, 2014, which, inter alia, granted plaintiff's motion for summary judgment on liability, unanimously affirmed, without costs.

Guaranties and leases are separate documents; the former impose obligations on the guarantors and the latter impose obligations on the landlord and the tenant (*see Park Towers S. Co., LLC v 57 W. Operating Co., Inc.*, 96 AD3d 443 [1st Dept 2012]). When a guarantor is sued on the guaranty, as is the case here, he or she cannot raise a claim or defense which is personal to the principal debtor, such as breach of the principal contract, unless it extends to a failure of consideration for the principal contract, and therefore for the guarantor's contract. (*See Walcutt v Clevite Corp.*, 13 NY2d 48, 55-56 [1963]; *see also Moon 170 Mercer, Inc. v Vella*, 122 AD3d 544, 545 [1st Dept 2014]; *Hotel 71 Mezz Lender LLC v Mitchell*, 63 AD3d 447 [1st Dept 2009].) The defenses and counterclaims asserted in the answer arise from the lease and do not include failure of consideration, and defendant guarantor was not a party to that agreement. Therefore, plaintiff landlord's alleged violation of the obligation not to unreasonably withhold consent to an assignment or sublease may not be raised in this action seeking to enforce the guaranty.

In any event, the defenses and counterclaims could have

been raised in the prior action against the tenant, but the tenant failed to appear and a default judgment was entered against it.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Richter and Manzanet-Daniels, JJ.