**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018[*]
Decided April 5, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-1610

| | |
|---|---|
| WELLS FARGO BANK, N.A., *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-C-271 |
| IVAN RENE MOORE, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Ivan Moore has been before us twice contesting a judgment of foreclosure—once to argue the merits and once to challenge a procedural irregularity. He lost both times. See *Wells Fargo Bank, N.A. v. Moore*, 599 F. App'x 600 (7th Cir. 2015); *Wells Fargo Bank, N.A. v. Moore*, 618 F. App'x 857 (7th Cir. 2015). He now complains that the district court erroneously confirmed the foreclosure sale. But the court did not abuse its discretion

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

when it confirmed the sale and entered a deficiency judgment against Moore, so we affirm its judgment.

We summarized the facts of Moore's case in our first decision, *Wells Fargo Bank*, 599 F. App'x at 601, and so we do not repeat them here. After the district court entered judgment permitting Wells Fargo to foreclose on the two properties that Moore had used to secure a $7.1 million dollar mortgage, the properties sold for $100,000 at a sheriff's sale. Wells Fargo then moved to confirm the sale and amend the judgment. After a hearing, the court granted the motion and entered a deficiency judgment against Moore for $7,101,105.52.

In this appeal, Moore primarily attempts to relitigate issues that we already have settled, but he also challenges the confirmation of the foreclosure sale, which occurred after his second appeal. Moore asserts that the Milwaukee County Sheriff, Wells Fargo, and a third party conspired to deprive him of his property by misusing the foreclosure process. Moore believes that the sheriff did not properly give notice of the sale; Wells Fargo lied to the court about the value of the two properties; and no sheriff's sale really occurred. But Moore's contentions are not supported by evidence.

Moore first contends that the district court should not have confirmed the foreclosure sale because the sheriff did not give proper notice. Moore argues that he was entitled to six weeks' notice, but he relies on an outdated statute. See WIS. STAT. § 815.31(2) (West 2011). Wisconsin law currently requires notice of a foreclosure sale to be publicly posted for three successive weeks. WIS. STAT. § 815.31(2); see *Bank of Am., N.A. v. Booth*, 866 N.W.2d 405, 2015 WL 2007791, *1–2 (Wis. Ct. App. May 5, 2015). Here, the sheriff attested that he did just that and provided a copy of the published notice to the district court. Moore's further contention that he was entitled to personal notice has no support in the law. See *Family Sav. & Loan Ass'n v. Barkwood Landscaping Co.*, 286 N.W.2d 581, 589 (Wis. 1980). The district court did not abuse its discretion in finding that the bank followed the notice requirements. See *United States v. Peters*, 777 F.2d 1294, 1298 n.6 (7th Cir. 1985) ("[C]onfirmation of a judicial sale rests in the sound discretion of the district court and will not be disturbed on appeal except for abuse.")

Next, Moore argues that the properties were not sold for a fair value. See WIS. STAT. § 846.165(2). Fair value means "nothing more than such reasonable value as does not shock the conscience of the court." *First Wis. Nat'l Bank of Oshkosh v. KSW Invs., Inc.*, 238 N.W.2d 123, 128 (Wis. 1976) (internal quotation marks omitted); *Bank of N.Y. v. Mills*, 678 N.W.2d 332, 336 (Wis. Ct. App. 2004). Moore's two properties sold for a

total of $100,000. Moore opines that they were worth at least $1.5 million, but he submitted no appraisal to support his estimate. Wells Fargo, on the other hand, provided evidence that the properties were worth between $217,000 and $230,000 combined and that a contractor had estimated that one of them needed extensive repairs that could cost over $172,000. Moreover, there were tax liens on the properties totaling $76,900. The district court found that given this unrebutted evidence, $100,000 was a "fair value." This was not an abuse of discretion. See *Peters*, 777 F.2d at 1298 n.6.

Last, Moore argues that the district court erred in confirming the sale because an original sheriff's deed of foreclosure did not exist. This, he asserts, proves that the sheriff sale never occurred, so the court had nothing to confirm. Wisconsin law requires that "[n]o later than 10 days after" a foreclosure sale, the sheriff must "[f]ile a report of the sale with the clerk of court" and "deliver to the clerk of court . . . the deed to the mortgaged premises." WIS. STAT. § 846.16(1)(b). But at the end of the confirmation hearing Wells Fargo's counsel told the district court that the clerk's office was unable to locate the original sheriff's deed when asked, and in counsel's understanding, "it likely does not exist."

Moore did not object to the missing deed at the confirmation hearing, but the defendants do not argue that he waived the argument. See *Alioto v. Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Instead, they correctly point out that the evidence does not support Moore's assertion that the original deed *never* existed. Copies of both the sheriff's report of the foreclosure sale and the sheriff's deed, signed on October 12 and 13, 2016, respectively, were docketed in the district court that same month, long before the confirmation hearing. Furthermore, the sheriff wrote in the foreclosure report that he "executed a Sheriff's Deed of the Property and . . . delivered the Deed to the Clerk of this Court to be held until confirmation of sale." The evidence supports the district court's finding that all the requirements of WISCONSIN STAT. § 846.16 were met and that confirmation was appropriate. And the district court remedied the problem of the missing deed by including in the final confirmation order an instruction to the sheriff to execute another deed so that an original could be transmitted to Wells Fargo with the amended judgement as required by § 846.16(3m). Nothing the district court did violated § 846.16, nor did the missing deed mean the court should not have confirmed the sale when the evidence demonstrated that the foreclosure had proceeded in accordance with state law. See *id.* § 846.16(2m), (4).

AFFIRMED