Bernstein v Dubrovsky (2019 NY Slip Op 00835)





Bernstein v Dubrovsky


2019 NY Slip Op 00835


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


8320 850081/17

[*1]Daniel Bernstein, Plaintiff-Respondent,
v
Luiza Dubrovsky, Defendant-Appellant, The New York State Department of Taxation and Finance, et al., Defendants.


Woods Lonergan PLLC, New York (Annie E. Causey of counsel), for appellant.
Oved & Oved LLP, New York (Edwards C. Wipper of counsel), for respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered April 30, 2018, which, inter alia, granted plaintiff's motion for summary judgment dismissing defendant's affirmative defenses, and referring the matter to a referee to compute amounts due, unanimously affirmed, with costs.
Plaintiff met his prima facie burden in this foreclosure action by producing the mortgage documents and evidence of defendant's default, shifting the burden to defendant to raise a triable issue of fact regarding her affirmative defenses to foreclosure (Fortress Credit Corp. v Hudson Yards, LLC, 78 AD3d 577 [1st Dept 2010]). Her affirmative defenses, however, are precluded by a forbearance agreement in which defendant waived any affirmative defenses in exchange for, inter alia, an extension of time to repay the loan (see id.; Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]). Moreover, Supreme Court correctly refused to deny the motion as premature pursuant to CPLR 3212(f); because the affirmative defenses are precluded, no discovery could lead to facts that would warrant the denial of plaintiff's summary judgment motion.
Defendant was not entitled to a residential foreclosure settlement conference pursuant to CPLR 3408 because the loan secured by the mortgage was not primarily for personal, family, or household purposes (CPLR 3408; RPAPL 1304[6][a][1]; Independence Bank v Valentine, 113 AD3d 62, 66-67 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK