Moon 170 Mercer, Inc. v Vella (2019 NY Slip Op 01187)





Moon 170 Mercer, Inc. v Vella


2019 NY Slip Op 01187


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, JJ.


8441 155605/12

[*1]Moon 170 Mercer, Inc., Plaintiff-Respondent,
v
Zachary Vella, Defendant-Appellant.


Steven Landy & Associates, PLLC, New York (David A. Wolf of counsel), for appellant.
Cordova & Schwartzman, LLP, Garden City (Jonathan B. Schwartzman of counsel), for respondent.



Order, Supreme Court, New York County (Barry Ostrager, J.), entered December 18, 2017, which denied defendant guarantor's motion to vacate a judgment, entered January 23, 2017, pursuant to CPLR 5015(a)(5) and renew his opposition to plaintiff landlord's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the judgment vacated, and the case remanded for further proceedings consistent with this decision, including a determination as to the amount of restitution, if any, owed to defendant guarantor.
Based on the reinstatement of the wrongful eviction claim asserted by the nonparty tenant against respondent landlord Moon 170 Mercer, Inc. in the related action of Mephisto Mgmt., LLC v Moon 170 Mercer (Index No. 658456/13) (see 151 AD3d 416 [1st Dept 2017]), the IAS court should have allowed the guarantor to avail himself of a defense based on an alleged failure of consideration. New York law specifically preserves failure of consideration as a defense available to a guarantor, even under an unconditional guaranty (see I Bldg, Inc. v Hong Mei Cheung, 137 AD3d 478, 478 [1st Dept 2016] [guarantor cannot raise claims personal to principal, "unless it extends to a failure of consideration for the principal contract, and therefore for the guarantor's contract"]).
Further, the guarantor was not collaterally estopped from raising the defense because he did not have a full and fair opportunity to have the issue litigated and determined (Singleton Mgt. v Compere, 243 AD2d 213, 217 [1st Dept 1998]).
The guarantor should be afforded the opportunity to present evidence before the IAS court to determine 1) whether the facts and circumstances from which the alleged wrongful eviction arose prevented him from exercising his rights under the guaranty, and 2) the extent to which those facts and circumstances bear on the amounts due post-eviction under the guaranty.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK