ALQ, LLC v Kane (2021 NY Slip Op 05071)





ALQ, LLC v Kane


2021 NY Slip Op 05071


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 654984/18 595059/19 Appeal No. 14217 Case No. 2020-02337 

[*1]ALQ, LLC, Plaintiff-Respondent,
v
Peter Kane, Defendant-Appellant. [And a Third-Party Action.]


Helbraun Levey, LLP, New York (Maya K. Petrocelli of counsel), for appellant.
Katz Melinger, PLLC, New York (Kenneth J. Katz of counsel), for respondent.



Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about March 6, 2020, which granted plaintiff's motion for summary judgment on its breach of guaranty claim and directed entry of a money judgment, unanimously modified, on the law, to deny the motion as to the amount of damages to be awarded, and otherwise affirmed, without costs, and the matter is remanded for further proceedings in accordance with this order.
Plaintiff landlord established its entitlement to summary judgment as to liability against defendant, one of the tenant's principals and guarantors of its obligations under the lease, by demonstrating the existence of an absolute and unconditional guaranty and defendant's failure to perform (see Reliance Constr. Ltd. v Kennelly, 70 AD3d 418, 419 [1st Dept 2010], lv dismissed 15 NY3d 848 [2010]). Contrary to defendant's contention, plaintiff's alleged unreasonable withholding of consent to the tenant's proposed assignment of the lease is not a defense available to him under the unconditional and absolute guaranty (see I Bldg, Inc. v Hong Mei Cheung, 137 AD3d 478 [1st Dept 2016]). In any event, under the lease, assignment was conditioned on the tenant's not being in default, and defendant failed to rebut plaintiff's showing that the tenant was in default at the time the assignment was proposed. Further, under the same lease term, plaintiff was permitted to reject an assignment of the guaranty at its "sole discretion."
However, defendant raised issues of fact as to whether the liquidated damages claimed by plaintiff, representing accelerated rent over the remainder of the lease, were grossly disproportionate to its actual damages (see generally 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 535 [2014]) and as to whether certain items were improperly calculated. Plaintiff failed to submit evidence rebutting defendant's calculation, which is especially significant given that it is undisputed that plaintiff has re-let the premises. Therefore, we remand for a hearing to determine the portion, if any, of plaintiff's claimed post-eviction damages that constitutes a penalty over and above the actual amounts to which plaintiff is entitled under the lease (see id. at 537), as well whether, as defendant contends, plaintiff is not entitled to the damages it claims because it elected to proceed under paragraph 26.02 of the lease, rather than paragraph 26.01, thereby waiving its remedy under the latter.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021