Barton Hall, LLC v AFIAA 158 W. 27th St., LLC (2023 NY Slip Op 05977)

Barton Hall, LLC v AFIAA 158 W. 27th St., LLC

2023 NY Slip Op 05977

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Index No. 158788/21 Appeal No. 1069 Case No. 2023-01153 

[*1]Barton Hall, LLC, et al., Plaintiffs-Appellants,
v
AFIAA 158 West 27th Street, LLC, Defendant-Respondent.

Cyruli Shanks & Zizmor LLP, New York (Robert J. Cyruli of counsel), for appellant.
Offit Kurman, P.A., New York (Dani Schwartz of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 26, 2022, which granted defendant landlord's motion for summary judgment on its counterclaim for unpaid rent against plaintiff guarantor Urban American Holdings III, LLC, unanimously modified, on the law, to clarify that the order does not affect plaintiff tenant Barton Hall, LLC's claims in the first amended complaint, and otherwise affirmed, without costs.
In granting summary judgment to defendant landlord as against plaintiff guarantor, the motion court properly construed the waivers of defenses contained in sections 2, 5, and 8 of the guaranty to find that the guarantor waived the defense of failure of consideration (see e.g. General Trading Co. v A & D Food Corp., 292 AD2d 266, 267 [1st Dept 2002]). The guarantor is correct that we have previously found the failure of consideration defense to be available to guarantors, even under an unconditional guaranty (see Moon 170 Mercer, Inc. v Vella, 169 AD3d 537, 537 [1st Dept 2019], citing I Bldg, Inc. v Hong Mei Cheung, 137 AD3d 478, 478 [1st Dept 2016]). Given the text of the guaranty at issue, however, this line of cases is not applicable. The cases cited by guarantor ultimately derive from Walcutt v Clevite Corp. (13 NY2d 48 [1963]) (see I Bldg, 137 AD3d at 478, citing Waclutt, 13 NY2d at 55-56), and the guaranty in Walcutt did not contain a waiver of the failure of consideration defense (see Plaza Tower LLC v Ruth's Hospitality Group, Inc., 126 AD3d 579, 579 [1st Dept 2015]). Although we recognize that this outcome may result in the landlord receiving more rent than it would be entitled to without the guaranty, we have already held that where there has been a waiver of defenses, "the guarantor's liability can be greater than that of the obligor tenant" (Chip Fifth Ave. LLC v Quality King Distribs., Inc., 158 AD3d 418, 418-419 [1st Dept 2018], lv dismissed 32 NY3d 947 [2018]).
Because plaintiff tenant's claims for actual and construction eviction were not at issue, Supreme Court should not have suggested — even if dicta — that the tenant was not evicted because it remained in possession of the premises. The viability of those claims has not been determined, and the landlord remains liable to the tenant for its provable damages (see Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617, 622 [2012] ["It is well settled that the withholding of the entire amount of rent is the proper remedy when there has been a partial eviction . . . even if a tenant remains in possession of the premises"]).
There was neither a motion to dismiss nor one for summary resolution of the tenant's claims. Therefore, the factual questions underlying these claims for partial actual eviction, constructive eviction, breach of lease, and related declaratory relief in
the first amended complaint have not been reached.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND [*2]ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023