DB 232 Seigel Mezz LLC v Moskovits (2024 NY Slip Op 00371)

DB 232 Seigel Mezz LLC v Moskovits

2024 NY Slip Op 00371

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 652080/22 Appeal No. 1564-1565 Case No. 2022-04306, 2022-04820 

[*1]DB 232 Seigel Mezz LLC, Plaintiff-Respondent,
v
Toby Moskovits et al., Defendants, Moshe Dov Schweid, Defendant-Appellant.

Moses & Singer LLP, New York (Philippe A. Zimmerman of counsel), for appellant.
Thompson Coburn LLP, New York (Jose A. Fernandez of counsel), for respondent.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 28, 2022, in favor of plaintiff and against defendants in the total amount of $5,965,188.31, and bringing up for review an order, same court and Justice, entered August 25, 2022, which granted plaintiff's motion for summary judgment in lieu of complaint on a guaranty, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff satisfied its prima facie burden on its CPLR 3213 motion for summary judgment in lieu of complaint by submitting the guaranties executed by defendants, the underlying loan agreement, and its demand letters establishing the borrower's default and defendants' failure to perform under the guaranties (see BBM3, LLC v Vosotas, 216 AD3d 403 [1st Dept 2023]; see also Simon v Industry City Distillery, Inc., 159 AD3d 505, 505 [1st Dept 2018]). That the guaranties reference a performance obligation does not bar accelerated treatment under CPLR 3213 where, as here, the operative provision defined defendants' obligation as the "full and punctual payment" of the borrower's obligations to plaintiff (see 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 631 [1st Dept 2021], lv denied 37 NY3d 913 [2021]; see also European Am. Bank v Competition Motors, 182 AD2d 67 [2d Dept 1992]).
Defendant Moshe Dov Schweid failed to raise a triable issue of fact, as he does not dispute the existence of the guaranties, the underlying debts, or defendants' failure to perform under the guaranties (see 27 W. 72nd St. Note Buyer LLC, 194 AD3d 631). His claim that he did not knowingly sign the guaranty is unavailing, as "[a] party who signs a document without any valid excuse for having failed to read it is 'conclusively bound' by its terms" (Sorenson v Bridge Capital Corp., 52 AD3d 265, 266 [1st Dept 2008], quoting Sofio v Hughes, 162 AD2d 518, 519 [1990], lv denied 76 NY2d 712 [1990]). Defendants also expressly waived any and all defenses to enforcement of the guaranties, including claims that plaintiff breached the covenant of good faith and fair dealing (see Fortress Credit Corp. v Hudson Yards LLC, 78 AD3d 577 [1st Dept 2010]; Hotel 71 Mezz Lender LLC v Mitchell, 63 AD3d 447, 448 [1st Dept 2009]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024