| **40th St. Tenants Corp. v Eshaghian** |
|:---:|
| 2025 NY Slip Op 31210(U) |
| April 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654622/2021 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LORI S. SATTLER**                PART                    02M

*Justice*

------------------------------------------------------------------------------X

40TH STREET TENANTS CORPORATION                    INDEX NO.        654622/2021

                         Plaintiff,                MOTION DATE      08/13/2024

            - v -                                  MOTION SEQ. NO.      003

DAVID ESHAGHIAN,
                                                   **DECISION + ORDER ON**
                         Defendant.                        **MOTION**

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88

were read on this motion to/for          JUDGMENT - SUMMARY          .

In this proceeding seeking to enforce a guarantee of a lease, Plaintiff 40th Street Tenants Corporation ("Plaintiff") moves for an order awarding summary judgment on liability on their first and second causes of action for breach of the guaranty and attorneys' fees, and dismissing Defendant's affirmative defenses and counterclaims and setting this matter down for a hearing on damages. Defendant David Eshaghian ("Defendant") opposes the motion.

This action arises out of a guaranty of a commercial lease. Plaintiff is the owner of the building located at 23 West 39th Street ("Building") in Manhattan (NYSCEF Doc. No. 26). Nonparty ECEE Associates ("Tenant") leased the ground floor store and basement in the building pursuant to a lease that was set to commence on May 1, 1993, and expire on April 30, 2023 (NYSCEF Doc. No. 27, "Lease"). Defendant signed a guaranty dated April 26, 1993 (NYSCEF Doc. No. 28, "Guaranty").

Plaintiff commenced this action on July 19, 2021 and filed an Amended Complaint on July 10, 2023. It alleges that Tenant failed to pay rent in the amount of $121,310 through the time it vacated the premises in July 2021 and that Defendant is liable for these amounts under the

**654622/2021   40TH STREET TENANTS CORPORATION vs. ESHAGHIAN, DAVID**                **Page 1 of 8**
  **Motion No.  003**

1 of 8

[* 1]

Guaranty (NYSCEF Doc. No. 62, Amended Complaint). After he initially defaulted, Defendant appeared and interposed an Answer with Counterclaims, which he later amended on July 11, 2023 (NYSCEF Doc. Nos. 14 and 63). Plaintiff previously moved for summary judgment seeking the same relief as this motion, which the Court denied in a Decision and Order dated April 17, 2023 (NYSCEF Doc. No. 58, Adams J.). In that decision, the Court found that Defendant raised a triable issue of fact in that "it alleges that the defendant overpaid and is due a refund" and that Defendant alleged the action was time barred. The Court granted leave to renew after completion of discovery. The parties completed discovery and Plaintiff thereafter renewed its motion for summary judgment

On a motion for summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiff establishes its prima facie entitlement to summary judgment on its breach of guaranty claim by submitting an affidavit from the Building's property manager setting forth Tenant's default under the lease and Defendant's failure to perform under the Guaranty. In her affidavit, the property manager states that Tenant failed to pay rent and additional rent beginning in June 2020, based on the books and records of Plaintiff's current and former managing agents (NYSCEF Doc. No. 72 ¶ 11). As a result of Tenant's default, Plaintiff sent a demand letter to

[* 2]

Defendant on April 15, 2021 pursuant to the Guaranty (NYSCEF Doc. No. 29). Defendant then submitted a letter confirming its surrender of the premises dated July 27, 2021 (NYSCEF Doc. No. 31). The property manager further attests that the rent arrears thereafter remained unpaid by Defendant, citing to Plaintiff's rent ledger showing $118,489.85 in outstanding arrears (NYSCEF Doc. No. 72 ¶¶ 14, 16; NYSCEF Doc. No. 32).

Defendant argues that the motion must be denied because Plaintiff relies on documents "without even the slightest attempt to lay a foundation and/or authenticate them; instead making hearsay assertions" (NYSCEF Doc. No. 76). He claims that Plaintiff's Assistant Secretary, Konow, cannot lay a proper foundation for the lease because she neither worked for Plaintiff's predecessor in interest nor worked for Plaintiff at the time, and fails to identify the signatures on the document in her affidavit. He further claims that the ledger submitted with the motion papers also cannot be relied on because no foundation was laid for its admission. He further disagrees with certain statements made in the moving papers regarding the process of setting rent via the use of an appraiser and indicates that he sent a letter that the rent would remain at $5,500 with no 2.5 percent escalation although fails to mention the final sentence which states "[k]indly confirm that you are in agreement of the provision of the lease" (NYSCEF Doc. No. 38). Defendant appears to claim that despite paying the 2.5 percent increase since 2014, Plaintiff failed to rectify this purported "unjust enrichment" by pursuing the claims in this action. Lastly, Defendant argues that Plaintiff used "funny math" in the Amended Complaint and thereby doubled the amount of rent arrears claimed owed.

In this motion, Plaintiff moves for a finding of liability on its first two causes of action for rental arrears under the Guaranty and for attorneys' fees pursuant to the Lease. The Guaranty

654622/2021   40TH STREET TENANTS CORPORATION vs. ESHAGHIAN, DAVID                    Page 3 of 8
Motion No.  003

3 of 8

[* 3]

provides, in relevant part:

> 1. Under all circumstances including tenant's default, notwithstanding the security deposit under this lease, Landlord shall receive:
> > a. Full payment of the Rent and Additional Rents, as same are reserved to Landlord elsewhere herein.
>
> The performance and payments called for hereunder shall become due and payable to Landlord immediately upon receipt by Guarantor of Landlord's written notice by Registered or Certified Mail, Return Receipt Requested, that the obligation described above have not been satisfactorily performed.

The Guaranty further provides that it "is not intended to cover future rents, additional rents or other obligations which accrue subsequent to the said surrender of the premises."

The Court finds Defendants arguments with respect to the inadmissibility of the lease and Guaranty to be unavailing. Both of Ms. Konow's affidavits indicate that the records were kept during the course of business from either the prior owner or the current owner (NYSCEF Doc. Nos. 72 and 88). Similarly, Defendant identified his signature on both the lease and the Guaranty in his deposition (NYSCEF Doc. No. 84, EBT at 12).

Defendant further questions the amounts sought by Plaintiff. He contends that a "portion" of the amount sought is time barred and raises various arguments as to how the numbers were calculated, referring to the calculations as "funny accounting" and questions whether there was supposed to be a 2.5 percent escalation. With no actual proof submitted other than his own affidavit, Defendant claims that Plaintiff "doubled the amount of rent arrears currently owing" (NYSCEF Doc. No. 76 ¶ 15).

Defendant's claims with respect to the 2.5 percent increase and the overcharges resulting therefrom are belied by email correspondence which documents his then attorney's acknowledgment of this increase in 2019 (NYSCEF Doc. No. 48). Even if these vague assertions are credited, Defendant does not set forth proof sufficient to establish that material

**654622/2021  40TH STREET TENANTS CORPORATION vs. ESHAGHIAN, DAVID**                     **Page 4 of 8**
  **Motion No.  003**

4 of 8

issues of fact exist as to liability which is the only relief sought by Plaintiff. Accordingly, the branch of Plaintiff's motion for summary judgment as to liability on its first cause of action for breach of the Guaranty is granted. The Court finds that Defendant is liable under the Guaranty to make payment on amounts due under the lease after service of a notice from the landlord. Such notice was given to Defendant.

Plaintiff next seeks a finding of liability on its second cause of action for attorney's fees. It is undisputed that Article 19 of the Lease provides for an award of attorney's fees upon Tenant's default of by term or covenant on Tenant's part in any article of the lease "if Owner, in connection therewith or in connection with any default by Tenant in the covenant to pay rent hereunder, makes any expenditures or incurs any obligations for the payment of money, including but not limited to attorney's fees in instituting, prosecuting or defending any actions or proceedings . . . " (NYSCEF Doc. No. 27). Thus, an award of attorney's fees is appropriate if a finding of rental arrears is found. However, the Court finds that summary judgment on liability for attorneys' fees is premature as the amount of arrears that are due, if any, has yet to be determined.

Plaintiff further moves for an Order dismissing Defendant's affirmative defenses and counterclaims in its Amended Answer.

The first affirmative defense alleges the Complaint fails to state a cause of action. As the Court finds Plaintiff has established entitlement to summary judgment as to the first cause of action, Defendant's first affirmative defense of failure to state a cause of action is dismissed.

The second affirmative asserts that a defense is founded upon documentary evidence. As there is an issue of fact as to the amount of arrears due, Plaintiff's motion to dismiss this defense is denied.

654622/2021  40TH STREET TENANTS CORPORATION vs. ESHAGHIAN, DAVID          Page 5 of 8
 Motion No.  003

[* 5]                                         5 of 8

Defendant's fifth affirmative defense claims a "set-off" and Plaintiff's alleged failure to give Defendant credit for overpayment. Defendant's first counterclaim also asserts that he overpaid Plaintiff. As Defendant submits no actual proof of overpayment, the Court grants Plaintiff's motion to dismiss the fifth affirmative defense and first counterclaim.

Defendant's third, fourth, and seventh affirmative defenses are dismissed as these defenses are merely one-sentence legal conclusions for which Defendant provides no factual basis and are therefore insufficient (*Chelsea 8th Ave. LLC v Chelseamilk LLC*, 220 AD3d 565, 566 [1st Dept 2023] *citing Robbins v Growney*, 229 AD2d 356, 358 [1st Dept 1996]).

The sixth affirmative defense alleges that a portion of Plaintiff's claim is time barred. An action on a guaranty is subject to a six-year statute of limitations (CPLR 213 [2]). The six-year statute of limitations does not commence until the principal, here Tenant, is in default. Tenant stopped paying rent in June 2020 but nonetheless continued to occupy the premises until July 27, 2021. Plaintiff sent a demand letter to Defendant on April 15, 2021 and subsequently commenced this action on July 27, 2021. Here, the action was plainly commenced within the statute of limitations. Defendant's sixth affirmative defense is therefore dismissed.

Defendant's eighth affirmative defense asserts that Plaintiff never delivered real estate tax bills for the period July 2015 through and including June 2020 to Tenant as required in Article 61D of the lease. Plaintiff has since provided all relevant real estate tax bills. Article 61(C) of the lease explicitly states that "[a]ny delay or failure of Landlord in billing any amount due under this Article shall not constitute a waiver or in any way impair the continuing obligation of Tenant to make all payments hereunder" (NYSCEF Doc. No. 27). Moreover, a guarantor cannot raise a claim or defense which is personal to the principal (*I Bldg, Inc. v Hong*

**654622/2021   40TH STREET TENANTS CORPORATION vs. ESHAGHIAN, DAVID          Page 6 of 8**
  **Motion No.  003**

[* 6]

*Mei Cheung*, 137 AD3d 478 [1st Dept 2016]).  As such, Defendant's eighth affirmative defense is dismissed.

Plaintiff next moves to dismiss Defendant's second counterclaim alleging that Plaintiff violated GOL § 7-103, which requires landlords in New York to maintain a security deposit in a segregated account and not comingle the security deposit with the landlord's personal funds, and Defendant is therefore entitled to the return of the security deposit.  The Guaranty provides that Defendant guaranteed timely and complete performance by tenant of its obligations "under all circumstances, including tenant's default, notwithstanding the security deposit under this Lease…" (NYSCEF Doc. No. 28).  Article 31 of the Lease also provides that "in the event Tenant defaults…the [Landlord] may use, apply, or retain the whole or any part of the security."  Article 21 of the lease provides that the Tenant must surrender the premises "broom clean, in good order and condition, ordinary wear and tear excepted."  Here, an issue of fact remains as to whether Tenant left the premises in the condition required under the lease.  As such, Plaintiff's motion to dismiss this counterclaim is denied.  Accordingly, it is hereby:

ORDERED that Plaintiff's motion for summary judgment as to liability on Plaintiff's First Cause of Action in its complaint is granted; and it is further

ORDERED that Plaintiff's motion for summary judgment as to liability on Plaintiff's Second Cause of Action in its complaint is denied; and it is further

ORDERED that Defendant's first, third, fourth, fifth, sixth, seventh, and eighth affirmative defenses as well as Defendant's first counterclaim is dismissed; and it is further

ORDERED that the remainder of the motion is denied; and it is further

ORDERED that the matter is referred to the Office of the Special Referee to hear and report on the issue of Plaintiff's damages, if any; and it is further

**654622/2021   40TH STREET TENANTS CORPORATION vs. ESHAGHIAN, DAVID**                                    **Page 7 of 8**
 **Motion No.  003**

[* 7]                                                              7 of 8

ORDERED that Plaintiff shall serve a copy of this Decision and Order with he Special Referee Clerk (Room 119) within twenty (20) days after the date of this Decision and Order accompanied by a completed Special Referee Information Sheet; and it is further

ORDERED that this matter shall be held in abeyance pending receipt of the report and recommendations of the Special Referee and a motion pursuant to CPLR 4403 or receipt of the determination of the Special Referee; and it is further

ORDERED that any motion to confirm or disaffirm the Report of the Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts.

This constitutes the Decision and Order of the Court.

| 4/9/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | X | REFERENCE |

**654622/2021  40TH STREET TENANTS CORPORATION vs. ESHAGHIAN, DAVID**
**Motion No.  003**

Page 8 of 8