FORT CRE 2022-FL3 Issuer LLC v Karasick (2026 NY Slip Op 01160)

FORT CRE 2022-FL3 Issuer LLC v Karasick

2026 NY Slip Op 01160

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 654803/24|Appeal No. 5995|Case No. 2025-03509|

[*1]FORT CRE 2022-FL3 Issuer LLC, et al., Plaintiffs-Appellants,
vMark Karasick et al., Defendants-Respondents.

Thompson Coburn LLP, New York (Zachary G. Newman of counsel), for appellants.
Nutter McClennen & Fish LLP, New York (Christopher J. Sullivan of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about May 30, 2025, which granted defendants' motion for a stay, pursuant to CPLR 2201, pending resolution of a related Minnesota foreclosure action, unanimously reversed, on the law, without costs, the motion denied, and the stay vacated.
We reject the argument by defendants, guarantors of the loan that is the subject of a pending foreclosure action in Minnesota, that this action to enforce the guaranty should await a determination as to the merit of any defenses presented in the other action. In addition to having been waived in the relevant guaranties, defenses to the underlying foreclosure action are irrelevant to this action, which seeks only to enforce absolute and unconditional guaranties of payment (not collection) (see generally Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," NY Branch v Navarro, 25 NY3d 485, 493-95 [2015]).
The subject guaranties expressly provide that they are guaranties of payment and not of collection; that exhaustion of remedies as against the borrower or the collateral are not necessary preconditions to enforcement; that "Guarantor shall remain liable hereon regardless of whether Borrower or any other Person shall be found not liable on the Guaranteed Obligations or any part thereof for any reason"; that Guarantor's obligations "shall not be reduced, discharged or released because or by reason of any existing or future right of offset, claim or defense of Borrower . . . against Lender . . . or against payment of the Guaranteed Obligations . . . , whether such right of offset, claim or defense arises in connection with the Guaranteed Obligations (or the transactions creating the Guaranteed Obligations) or otherwise"; and that any rights Guarantors might otherwise have with respect to these events and circumstances are "waive[d]." This language is sufficiently broad to foreclose challenges even to post-execution misconduct (see DB 232 Seigel Mezz LLC v Moskovits, 223 AD3d 610, 611 [1st Dept 2024]; Fortress Credit Corp. v Hudson Yards, LLC, 78 AD3d 577, 577 [1st Dept 2010]; Hotel 71 Mezz Lender LLC v Mitchell, 63 AD3d 447, 448 [1st Dept 2009]).
The "actual losses, actual damages" language in the free-standing paragraph of § 1.2 of the Payment Guaranty does not transform that guaranty into a conditional guaranty of collection. This paragraph provides that Guarantor shall be liable for not just "actual losses" and "actual damages," but also "liabilities, claims, actions, judgments, court costs, and legal and other expenses incurred by the Lender as a direct or indirect consequence of the matters set forth therein." At most, this implies a limitation to the outstanding amount of unpaid debt. It does not at any rate apply to § 1.2(a) (the sole section on which plaintiffs rely in this action) but only to § 1.2(b).
In light of our disposition of the appeal based on the guaranties themselves, we need not reach plaintiff's arguments with respect to substantial identity of the parties, prejudice, and the effect of Real Property Actions and Proceedings Law § 1301(3).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026