Lawrence H. Cooke, J.
In this action in which plaintiff seeks a declaration that it had issued no policy of insurance to defendants Joseph Peccichio or Nancy Peccichio in force on the date of a certain automobile accident, that plaintiff is not obligated to defend actions brought against Joseph Peccichio by defendants Virginia Slingerland, Nelson Slingerland and Retha Slingerland and that the rights, obligations and legal relations of the parties be adjudicated, plaintiff moved pursuant to CPLR 3215 for a severance of the action as to defendants Joseph Peccichio, Nancy Peccichio and Serafino M. Barile, who are in default in appearing and answering, and for the granting of judgment against the three last-named defendants. The complaint alleges in effect that defendant Barile was the agent of defendant Agricultural Insurance Company at the times in question and that the said company issued a policy of general automobile liability insurance to Nancy Peccichio which covered the vehicle owned by her and operated by Joseph Peccichio at the time of the accident. Defendants Slingerlands have appeared in this action but have not answered.
Declaratory judgment is a discretionary remedy dependent upon facts and circumstances rendering it useful and necessary and the discretion must be exercised judicially and with care, the general purpose of the remedy being to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations (James v. Alderton Dock Yards, 256 N. Y. 298, 305). A court may, and ordinarily must, refuse to render a declaratory judgment in the absence of one or more persons who are interested in or might be affected by the enforcement of the rights and legal relations concerning which a declaration is sought and who might question *78 in a court the existence and scope of such rights (Wood v. City of Salamanca, 289 N. Y. 279, 282-283; Manhattan Stor. & Warehouse Co. v. Movers Assn. of Greater N. Y., 289 N. Y. 82, 88).
A declaratory "judgment may be issued even if a defendant defaults in appearing or defending the action, but a default judgment in a declaratory judgment action will not be granted on ' the default and pleadings alone for it is necessary that plaintiff establish a right to a declaration against such a defendant (Griscti v. Mortgage Comm. of State of N. Y., 249 App. Div. 632; Cranston v. Walton-164th St. Corp., 115 N. Y. S. 2d 331; Reiner v. Prudential Ins. Co. of America, 48 N. Y. S. 2d 880, affd. 268 App. Div. 800; Wilson v. Wilson, 43 N. Y. S. 2d 526; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.17; 22 Carmody-Wait, Cyclopedia of New York Practice, p. 777). The fourth sentence of subdivision (a) of CPLR 3215 authorizes the Clerk to enter an order severing the action upon entering a default judgment against less than all of the defendants, but this provision applies only if a separate judgment may be entered against the defaulting defendant under the applicable substantive law (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3215.07). Motion denied.