NORMAN LEVY, Individually and as Father and Natural Guardian of DANIEL LEVY, an Infant, Respondent-Appellant, v BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, Appellant-Respondent.—Harvey, J.

Plaintiff's child suffers from a severe case of diabetes. A dispute arose as to the scope of coverage provided by defendant regarding various medical expenses related to the infant's condition. In December 1983, plaintiff served a summons with notice on defendant. Two days later, defendant served a notice of appearance and demand for a complaint. Pursuant to written stipulations, the time for serving a complaint was extended as the parties conducted settlement negotiations. On May 30, 1984, a verified complaint was served in which plaintiff sought compensatory and punitive damages based upon allegations of, *inter alia,* breach of contract and bad faith. Plaintiff further sought a declaration of his rights under the contract.

Defendant failed to serve an answer or to obtain an extension of time. On April 29, 1985, nearly 11 months after service

of the complaint, plaintiff moved for a default judgment. Defendant appeared and opposed the motion. By order entered October 29, 1985, Special Term granted plaintiff's motion except as to the third cause of action seeking a declaratory judgment, and ordered the matter transferred to Trial Term for an inquest as to damages. Defendant filed a notice of appeal and plaintiff cross-appealed. Defendant then made a motion to vacate the default judgment or, in the alternative, to renew and reargue. By order entered on February 24, 1986, the motion was denied. Defendant filed a notice of appeal from the second order and plaintiff again cross-appealed.

Initially, we note that a party against whom a default judgment has been entered cannot take an immediate appeal to this court (CPLR 5511; *Cygielman v Cygielman,* 111 AD2d 1057, 1058). The proper procedure is to first move to vacate the default judgment (CPLR 317, 5015 [a]; *Hull v Van Feinberg,* 113 AD2d 964). Then, an appeal may be taken from an adverse order upon the motion to vacate *(see, e.g., Imor v Imor,* 114 AD2d 552). Hence, defendant's appeal from the October 1985 order granting plaintiff a default judgment as to the first and second causes of action must be dismissed.

We turn now to the merits of defendant's appeal from the February 1986 order denying defendant's motion pursuant to CPLR 5015 (a) (1) to vacate the default judgment. It is well established that the party seeking to vacate a default judgment must show both a reasonable excuse for the default and a meritorious defense *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141; *Elgart v Raleigh Hotel Corp.,* 115 AD2d 165). In an attempt to establish a reasonable excuse for its failure to serve an answer, defendant contends that it believed the matter had been settled in June 1984. There is no written record of the settlement and a November 1984 letter from plaintiff's counsel to defendant reflects that no final settlement had been reached. Nor is there any indication that settlement negotiations were in progress between the time of the November letter and the time when the default was entered against defendant *(cf. Palmieri v Romat Realty Corp.,* 45 AD2d 948). Since no reasonable excuse for the default was established, we conclude that the refusal to vacate the default was not an abuse of Special Term's discretion *(see, State Bank of Albany v Guiseppi Estates,* 44 AD2d 878, 879; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.03).

Defendant asserts on this appeal that the punitive damages sought by plaintiff are inappropriate. While it is true that punitive damages are rarely recoverable against an insurer

*(see, e.g.,* Home Ins. Co. v Karantonis, 124 AD2d 368), we conclude that it is not necessary to reach this issue at this time. Defendant's default conceded only liability, and proof of proper damages must be presented at the time of the inquest *(see,* Siegel, NY Prac § 293, at 348; *cf. Knibbs v Wagner,* 14 AD2d 987).

We find no merit in plaintiff's allegation, on his cross appeal, that a default judgment should have also been granted as to the declaratory relief sought by him. "[A] default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that plaintiff establish a right to a declaration against * * * a defendant" *(National Sur. Corp. v Peccichio,* 48 Misc 2d 77, 78 [Cooke, J.]).

Orders affirmed, with costs to plaintiff. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.