■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent, v AYFAS REALTY CORP. et al., Defendants, and ALEX TEJEDA, Also Known as ALEX MORALES, an Infant, by His Mother and Natural Guardian, ALTAGRACIA TEJEDA, et al., Appellants. [651 NYS2d 513] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered October 16, 1995, which, *inter alia*, granted plaintiff's motion for summary judgment declaring that plaintiff is not obligated to defend and indemnify defendant 189 Associates in

the underlying personal injury action, unanimously modified, on the law, to the extent of deleting so much of the second decretal paragraph as declares that plaintiff has no obligation to defend and indemnify defendant 189 Associates, the motion for summary judgment denied, and the order and judgment otherwise affirmed, without costs or disbursements. Appeal from order, same court and Justice, entered on or about December 19, 1995, unanimously dismissed, without costs.

In this action, plaintiff insurer, Public Service Mutual Insurance Company, seeks a declaratory judgment that it is not obligated to defend or indemnify its insured, defendant 189 Associates, in a personal injury action brought against it by Alex Tejeda, an infant, and his mother. In the underlying action, the Tejedas, who reside in a building owned by Associates, seek to recover for injuries allegedly sustained by the infant plaintiff as a result of Associates' negligence in failing to remove lead based paint from the Tejedas' apartment.

Public Service Mutual contends that it has no obligation to defend or indemnify Associates because Associates failed to give it notice of an "occurrence" as soon as practicable, as required by its insurance policy. Public Service Mutual asserts that an Order to Landlord/Agent from the New York City Department of Health Bureau of Lead Poisoning Control, dated August 27, 1981, advising Associates of a lead based paint condition in the Tejeda apartment and that "a person residing at the [apartment] has a blood-lead level of 30 micrograms per deciliter, or higher" triggered Associates' duty to notify Public Service Mutual of an "occurrence," defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage."

While the Order upon which Public Service Mutual relies identified the tenant as Alex Tejada *[sic]*, it did not indicate that he was the person affected or that he was an infant. (*See, Mount Vernon Fire Ins. Co. v East Side Renaissance Assocs.*, 893 F Supp 242, 248.) Moreover, while the Order, which described both the blood-lead level and the lead level of the paint in technical language, is clearly suggestive of harmful conditions in the apartment, it did not indicate that an injury had occurred (*see, United States Liab. Ins. Co. v Albertell*, 1992 WL 380024, 8; 1992 US Dist LEXIS 18537, *22-23 [SD NY, Dec. 7, 1992, Martin, J.]) or that the blood-lead level was caused by exposure to conditions in the apartment (*see, Mount Vernon Fire Ins. Co. v East Side Renaissance Assocs., supra*, at 248).

Under these circumstances, even assuming Associates' receipt of the Order, such Order is not sufficient to establish,

as a matter of law, that Associates was placed on notice of an "occurrence," i.e., "an accident * * * which results in bodily injury," or that it might be sued as a result of such injury. (*Supra*, at 248, 249.) The Order, in itself, would not necessarily suggest to a reasonable person a potential liability. (*See, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442-443.) Accordingly, notwithstanding Associates' default on the motion for summary judgment, since Public Service Mutual failed to make a prima facie showing of its entitlement to judgment as a matter of law, it was error to grant summary judgment in its favor. (*See, Levy v Blue Cross & Blue Shield*, 124 AD2d 900, 902; *see also, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853.)

On the other hand, the Tejedas' motion for summary judgment was properly denied since they failed to establish as a matter of law that Public Service Mutual's disclaimer was untimely. It is, however, appropriate to observe that the declaration in the order and judgment that the Tejedas "lack any contractual relationship nor are they intended beneficiaries" of the insurance policies involved in this case does not preclude the Tejedas, having been joined as party defendants by plaintiff, from defending or asserting their interests in this action. We have considered the Tejedas' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.