■ ASHLEY Z. HUERTERO et al., Respondents, v BLUE RIDGE INSURANCE COMPANY, Appellant, et al., Defendant. [787 NYS2d 89]—

In an action for a judgment declaring that the defendant Blue Ridge Insurance Company is obligated to defend and/or indemnify the defendant Baruch Bluzenstein in an underlying action entitled *Huertero v Bluzenstein,* pending in the Supreme Court, Kings County, under Index No. 32560/98, the defendant Blue Ridge Insurance Company appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated December 4, 2002, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

In September 1998 the plaintiffs, who resided in an apartment owned by the defendant Baruch Bluzenstein, commenced an action against him to recover damages for lead poisoning allegedly suffered by the infant plaintiff, Ashley Z. Huertero. Bluzenstein notified his insurer, the defendant Blue Ridge Insurance Company (hereinafter Blue Ridge), of the action in April 1999 soon after receiving the plaintiffs' motion for leave to enter a default judgment based on his purported failure to timely serve an answer. Although Bluzenstein maintained that he never received the summons and complaint in the underlying action and was unaware of the action until his receipt of the motion papers, Blue Ridge disclaimed coverage on the ground that he failed to timely notify it of an "occurrence" as required under the terms of the subject policy. Blue Ridge argued, inter alia, that Bluzenstein's duty to notify it of an "occurrence" was triggered in January 1996 upon his initial receipt from the Department of Health of an "Order to Abate Nuisance," notifying him of lead-paint violations in the subject apartment. After the plaintiffs commenced this action for a judgment declaring that Blue Ridge was obligated to defend and/or indemnify Bluzenstein in the underlying action, Blue Ridge moved for summary judgment.

Although Blue Ridge argued, inter alia, that Bluzenstein's duty to notify it of the occurrence was triggered in January 1996 when he was first notified of lead-paint violations in the subject apartment, the notice did not indicate that the violations resulted in injury to the infant plaintiff (*see Public Serv. Mut. Ins. Co. v AYFAS Realty Corp.,* 234 AD2d 226, 227 [1996]) or that the elevated blood-lead level of the infant plaintiff was caused by exposure to conditions in the subject apartment (*see id.* at 227; *see also Mount Vernon Fire Ins. Co. v East Side Ren-*

*aissance Assoc.*, 893 F Supp 242, 248 [1995]). As Blue Ridge failed to demonstrate its prima facie entitlement to judgment as a matter of law by establishing that Bluzenstein failed to timely notify it of the occurrence, the denial of the motion for summary judgment was proper.

Blue Ridge's remaining contentions are unpreserved for appellate review. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.