■ CHAMA HOLDING CORP. et al., Respondents, v GENERALI-US BRANCH, Appellant, et al., Defendants. [802 NYS2d 461]—

In an action, inter alia, for a judgment declaring that the defendant Generali-US Branch is obligated to defend and/or

indemnify the plaintiffs in an underlying action entitled *Pierret v Chama Holding Corp.*, pending in the Supreme Court, Bronx County, under index No. 116513/02, the defendant Generali-US Branch appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 28, 2003, as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that, upon searching the record, summary judgment is awarded to the plaintiffs against the appellant, so much of the order dated January 28, 2003, as denied the plaintiffs' motion for summary judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the appellant is obligated to defend and/or indemnify the plaintiffs in the underlying action; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In 2002 an action was commenced against Chama Holding Corp. and its president, Boruch Greisman (hereinafter collectively referred to as the landlord), alleging injuries to a child from exposure to lead paint during the time the child resided in a building owned by the landlord. The landlord promptly notified the defendant insurance carrier of the lawsuit pursuant to a provision of the policy which required the insured to notify the carrier "as soon as practicable of an 'Occurrence' or an offense which may result in a claim."

The carrier disclaimed coverage on the ground that in or around October 1990 the landlord received an order to abate nuisance from the New York City Department of Health pertaining to a lead-paint danger in the apartment where the child resided, and failed to notify the carrier at that juncture. The landlord commenced the instant action for a declaratory judgment against, among others, its insurance carrier. The landlord moved for summary judgment arguing that notice of an "occurrence" was not required within the meaning of the policy after receiving the order to abate nuisance and the insurance carrier cross-moved for summary judgment arguing that the landlord should have provided notice. In the order appealed from, the Supreme Court denied the motion and the cross motion. The insurance carrier appeals from so much of the order as denied its cross motion for summary judgment. We affirm the order insofar as appealed from, and upon searching the record, award summary judgment to the plaintiffs against the appellant.

Although the order to abate nuisance issued in 1990 indicated

that the child who was a plaintiff in the underlying action had high levels of lead in her blood, it did not indicate that the child sustained injury or that her elevated blood-level was caused by exposure to conditions in the subject apartment. Therefore the order to abate nuisance did not trigger the landlord's obligation to notify the insurance carrier of an "occurrence" (*see Huertero v Blue Ridge Ins. Co.,* 13 AD3d 486 [2004]; *Scharf v Generali-U.S. Branch,* 259 AD2d 349 [1999]; *see also Mount Vernon Fire Ins. Co. v East Side Renaissance Assoc.,* 893 F Supp 242, 247-249 [1995]). H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.