■ THE BANK OF NEW YORK MELLON, Formerly Known as THE BANK OF NEW YORK, Respondent, v HAROLD D. KNOWLES, Appellant, et al., Defendants. [57 NYS3d 473]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 8, 2016, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff established prima facie that it was entitled to foreclose on the mortgage by attaching the indorsed note, mortgage, assignment of mortgage and proof of the default through the affidavit of a mortgage loan servicer employee with personal knowledge (*HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2d Dept 2015]; see also *Wilmington Trust Co. v Walker*, 149 AD3d 409 [1st Dept 2017]).

"A plaintiff may establish standing in a foreclosure action ei-

ther by showing assignment of the mortgage note or physical delivery of the note prior to the commencement of the foreclosure action" (*B & H Florida Notes LLC v Ashkenazi*, 149 AD3d 401, 402 [1st Dept 2017] [emphasis omitted]; *U.S. Bank N.A. v Askew*, 138 AD3d 402, 402 [1st Dept 2016]). "However, a plaintiff may not do so by means of '[c]onclusory boiler plate statements' " (*B & H Florida Notes LLC*, 149 AD3d at 402). Nevertheless, if the note is affixed to the summons and complaint at the time the action is commenced, it is unnecessary to give factual details of the delivery to establish that possession was obtained prior to a particular date (*Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d 861, 863 [2d Dept 2017], citing *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645 [2d Dept 2016]; *see also Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2d Dept 2015]).

Plaintiff established standing by showing that it had attached the indorsed note to the summons and complaint, which were served and filed on the same day to commence this action. Even though it was not required, plaintiff also provided affidavits from two employees of its mortgage loan servicer, which provided further evidence that plaintiff received the note prior to commencement of the action.

Defendant's arguments are unavailing. It is clear from the second mortgage loan servicer employee affidavit that the indorsement was "firmly affixed" to the back side of the note and therefore satisfied the requirement of UCC 3-202. In addition, while it appears that plaintiff may have violated 15 USC § 1641 (g), it is not clear that such violation prevents plaintiff from having standing in this action and defendant cites no legal precedent in support of this argument.

Further, defendant's argument that Supreme Court acted in a biased manner by ordering supplemental affidavits to clarify the location of the indorsement, i.e., whether it was located on the back of the note or on a separate page, is unavailing. Supreme Court properly exercised its discretion to order supplemental affidavits to clarify this issue prior to rendering a decision (*Ostrov v Rozbruch*, 91 AD3d 147, 155 [1st Dept 2012]; *Orsini v Postel*, 267 AD2d 18, 18 [1st Dept 1999]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.