Nationstar Mtge. LLC v Accardo (2018 NY Slip Op 02276)





Nationstar Mtge. LLC v Accardo


2018 NY Slip Op 02276


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6163 850262/14

[*1]Nationstar Mortgage LLC, Plaintiff-Respondent,
v
Agostino Accardo, Defendant-Appellant, New York City Environmental Control Board; etc., et al., Defendants.


Solomon Rosengarten, Brooklyn, for appellant.
Akerman LLP, New York (Jordan M. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 1, 2017, which, insofar as appealed from, granted plaintiff's motion to restore the action to active status, for summary judgment, and for the appointment of a referee to compute the amount due, unanimously affirmed, without costs.
This foreclosure action was properly restored to active status pursuant to the terms of the dismissal order. The cases relied on by defendant are inapposite, because they involved failures to comply with discovery obligations, not a failure to timely file a dispositive motion.
Plaintiff established prima facie its standing to enforce the note, on which is it undisputed that defendant defaulted, by attaching the note to the complaint (see Bank of N.Y. Mellon v Knowles, 151 AD3d 596 [1st Dept 2017]). Plaintiff also submitted an affidavit by its vice president saying that plaintiff was in possession of the note as of October 3, 2012 (the action was commenced in August 2014), and attached corroborating documentary evidence.
In opposition, defendant failed to raise an issue of fact. Contrary to his contention, plaintiff's affidavit and attached documents are not hearsay; the affiant said that he personally reviewed loan records kept in the ordinary course of business and that he was personally familiar with plaintiff's record-keeping practices (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]). Inconsistent statements in a prior affidavit submitted by plaintiff do not suffice, because they are contradicted by documentary evidence (see Bank of N.Y. v 125-127 Allen St. Assoc., 59 AD3d 220 [1st Dept 2009]). Having submitted
proof that it was in physical possession of the note, plaintiff was not required to present proof of assignment (see U.S. Bank N.A. v Askew, 138 AD3d 402 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK