Nationstar Mtge. LLC v Islam (2019 NY Slip Op 00535)





Nationstar Mtge. LLC v Islam


2019 NY Slip Op 00535


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8201 452981/15

[*1]Nationstar Mortgage LLC, Plaintiff-Respondent,
v
Badrul Islam, et al., Defendants, NY Prime Holding LLC, Defendant-Appellant,


Steven Zalewski & Associates, P.C., Kew Gardens (Matthew J. Routh of counsel), for appellant.
Sandelands Eyet, LLP, New York (Peter A. Swift of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 20, 2017, which denied defendant NY Prime Holding LLC,'s (Prime) motion to vacate an order granting plaintiff's motion for summary judgment on default, unanimously affirmed, without costs.
Although Prime demonstrated a reasonable excuse for failing to oppose plaintiff's motion for summary judgment, it did not demonstrate a potentially meritorious defense based on plaintiff's lack of standing to bring this mortgage foreclosure action (see Expo Dev. Corp. v 824 S.E. Blvd. Realty Corp., 113 AD3d 549, 549 [1st Dept 2014]; CPLR 5015[a]). In support of its summary judgment motion, plaintiff established prima facie that it had standing to bring this foreclosure action by submitting an affidavit of an employee with personal knowledge of its business records, who averred that the underlying note was in its physical possession at the time the action was commenced and who annexed a true copy of the original note (see Bank of N.Y. Mellon v Knowles, 151 AD3d 596, 597 [1st Dept 2017]; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644-645 [2d Dept 2016]; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223 [2d Dept 2016]). Where the original note is proffered, "it is unnecessary to give factual details of the delivery to establish that possession was obtained prior to a particular date" (Knowles, 151 AD3d at 597).
Although Prime further asserted that it was entitled to discovery concerning plaintiff's possession of the note and the underlying assignments, it did not show that facts essential to justify opposition exist but could not be stated, such that plaintiff would not be entitled to summary judgment (CPLR 3212[f]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK