Wilmington Sav. Fund Socy., FSB v Moran (2019 NY Slip Op 06716)





Wilmington Sav. Fund Socy., FSB v Moran


2019 NY Slip Op 06716


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9878 850291/17

[*1]Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not Individually but as Trustee for Hilldale Trust, Plaintiff-Appellant,
v
Trevor C. Moran, Defendant-Respondent, Board of Managers of 120 Riverside Blvd at Trump Place, et al., Defendants.


Friedman Vartolo LLP, New York (Zachary Gold of counsel), for appellant.
Rozario & Associates, P.C., New York (Rovin R. Rozario of counsel), for respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered December 14, 2018, which denied plaintiff's motion for summary judgment on its foreclosure complaint, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established its standing to foreclose on the mortgage by attaching to the complaint a copy of the mortgage, a copy of the note, on which is it undisputed that defendant defaulted, and a copy of the mortgage assignment (see Bank of N.Y. Mellon v Knowles, 151 AD3d 596 [1st Dept 2017]). Contrary to defendant Moran's contention, plaintiff was not required to submit proof that the note, as well as the mortgage, was assigned (id. at 596-597).
Plaintiff established its compliance with RPAPL 1304 by submitting copies of the required default and 90-day foreclosure notices with an affidavit by the loan servicer's foreclosure specialist stating, based upon her review of the loan servicer's records, that the notices were mailed to defendant in accordance with the provisions of the statute (see Deutsche Bank Natl. Trust Co. v Al Rasheed, 169 AD3d 532 [1st Dept 2019]; Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]).
In opposition, defendant failed to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK