| |
|---|
| **U.S. Bank N.A. v McBride** |
| 2024 NY Slip Op 30544(U) |
| February 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 850219/2022 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. FRANCIS A. KAHN, III                    PART                    32

                                                  *Justice*

-------------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
VELOCITY COMMERCIAL CAPITAL LOAN TRUST VCC
2019-02,

                                       Plaintiff,

                        - v -

BRYANT MCBRIDE, TINA MCBRIDE, THE CHASE
MANHATTAN BANK, AMERICAN HOME MORTGAGE,
CITY OF NEW YORK, ACTING BY AND THROUGH ITS
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, JOHN DOE #1-#50 AND JANE DOE
#1-#50, THE LAST TWO NAMES BEING FICTITIOUS, IT
BEING INTENDED TO NAME ALL OTHER PARTIES WHO
MAY HAVE SOME INTEREST IN OR LIEN UPON THE
PREMISES DESCRIBED IN THE COMPLAINT

                                       Defendant.

| | |
|---|---|
| INDEX NO. | 850219/2022 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, the motion and cross-motion are determined as follows:

This is an action to foreclose on a consolidated, modified and extended spreader mortgage encumbering commercial real property located at 148 West 123rd Street, New York, New York. The mortgage, dated March 29, 2019, was given by Defendants Bryant McBride and Tina McBride ("McBrides") to non-party Velocity Commercial Capital, LLC ("Velocity") to secure an indebtedness with an original principal amount of $1,250,000.00. The above mortgage consolidated two prior mortgages and the transaction is evidenced by a loan agreement of the same date as the mortgage.

Plaintiff commenced this action to foreclose on the mortgage and pled McBrides defaulted in repayment under the loan agreement. Plaintiff also pled causes of action to "extinguish" three prior recorded mortgages. Two were allegedly given by McBrides to Defendants American Home Mortgage as well as City of New York, acting by and through its Department of Housing Preservation and Development ("City"). Plaintiff also sought discharge of a mortgage given by non-party/prior owner Brownstone Partners/AFF, LLC to Defendant The Chase Manhattan Bank. The McBride Defendants answered jointly and pled ten affirmative defenses and one counterclaim. Defendant City answered and pled four affirmative defenses. Now, Plaintiff moves for summary judgment against the appearing Defendants, to strike their answers and affirmative defenses, for a default judgment against the non-

850219/2022  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY
COMMERCIAL CAPITAL LOAN TRUST VCC 2019-02 vs. MCBRIDE, BRYANT ET AL
Motion No. 001

Page 1 of 5

[* 1]

appearing Defendants, for an order of reference and to amend the caption. Defendant City opposes the motion and cross-moves to dismiss the complaint as against it pursuant CPLR §3211[a][1] and [7]. Plaintiff opposes the cross-motion.

In moving for summary judgment on the foreclosure cause of action, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see eg U.S. Bank, N.A. v James*, 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC*, 78 AD3d 577 [1st Dept 2010]). Based upon McBrides' affirmative defense, Plaintiff was also required to demonstrate it had standing when this action was commenced (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2nd Dept 2020]). Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported with an affidavit from Sandie Lawrence ("Lawerence"), a Department Manager Special Servicing of Velocity, the alleged special servicer for Plaintiff, as well as annexed documentation. Lawerence's affidavit laid a proper foundation for the admission of Plaintiff's records into evidence under CPLR §4518 (*see Bank of N.Y. Mellon v Gordon*, 171 AD3d 197 [2d Dept 2019]). The affidavit established the mortgage, note, and evidence of mortgagor's default and was sufficiently supported by appropriate documentary evidence (*see eg Bank of NY v Knowles*, supra; *Fortress Credit Corp. v Hudson Yards, LLC*, supra).

As to the non-appearing Defendants, "[a]n applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (*Deutsche Bank Natl. Trust Co. v Silverman*, 178 AD3d 898, 899 [2d Dept 2019]). A plaintiff need "only [to] allege enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Plaintiff established *prima facie* its entitlement to a default judgment on its foreclosure cause of action against the other Defendants based upon the above cited evidence as well as proof of service on each Defendant and proof of their failure to appear or answer (*see* CPLR §3215[f]; *SRMOF II 2012-1 Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]; *U.S. Bank Natl. Assn. v Wolnerman*, 135 AD3d 850 [2d Dept 2016]; *see also Deutsche Bank Natl. Trust Co. v Silverman*, 178 AD3d 898 [2d Dept 2019]).

Concerning the causes of action to "extinguish" the prior recorded mortgages is a claim for declaratory relief governed by RPAPL §1921[2] which concerns "canceling and discharging" mortgages of record (*see Guccione v Estate of Guccione*, 84 AD3d 867 [2d Dept 2011]). Upon review of the mortgage held by City, the Court observed a recording anomaly whereby two sets of reel and page numbers are imprinted on the document. To resolve this incongruity, the Court accessed the Automated City Register Information System ("ACRIS") maintained by the Office of the City Register[1]. A review

---

[1] This occurrence arose when the mortgage was first erroneously recorded in Kings County on January 10, 2001. On February 23, 2001, the encumbrance was correctly recorded in New York County.

**850219/2022  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST VCC 2019-02 vs. MCBRIDE, BRYANT ET AL Motion No. 001**

**Page 2 of 5**

of the publicly available documents recorded against this property revealed that while these motions were subjudice, City issued a satisfaction of the disputed mortgage dated December 14, 2023 (CFRN No. 2023000332275). That document is attached to this decision as Schedule "A". Relatedly, shortly after this action was commenced, a satisfaction of mortgage was issued by successor to The Chase Manhattan Bank dated November 4, 2022 (CFRN No. 2022000416572; Schedule "A"). Based on the foregoing, Plaintiff's claims to discharge these mortgages, as well as City's cross-motion have been rendered academic. No satisfaction of the American Home Mortgage has been recorded.

As to the mortgage held by American Home Mortgage, a claimant seeking declarator relief must establish, akin to any other cause of action, *prima facie* entitlement to the relief sought (*see Public Serv. Mut. Ins. Co. v AYFAS Realty Corp.*, 234 AD2d 226, 228 [1st Dept 1996]). However, unlike other claims, "[a] default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary against that plaintiff establish a right to a declaration against * * * a defendant" (*Levy v Blue Cross & Blue Shield of Greater N.Y.*, 124 AD2d 900, 902 [3d Dept 1986], *citing National Sur. Corp. v Peccichio*, 48 Misc 2d 77, 78 [Sup Ct Albany Cty 1965]; *see also Mount Vernon Fire Ins Co. v NIBA Constr. Inc*, 195 AD2d 425, 427 [1st Dept 1993][concurring opinion]; *Merchs. Ins. Co. v Long Island Pet Cemetery*, 206 AD2d 827 [4th Dept 1994]). Plaintiff failed to substantively address this issue in the moving papers, much less proffer any evidence demonstrating that the American Home Mortgage is subject to discharge.

The branch of Plaintiff's motion to amend the caption is granted (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that the branches of Plaintiff's motion (MS# 1) for summary judgment on its cause of action for foreclosure and an order of reference are granted, and it is

ORDERED that the branch of Plaintiff's motion for a default judgment against the non-appearing The Chase Manhattan Bank, summary judgment against City of New York, acting by and through its Department of Housing Preservation and Development, as well as City's cross-motion to dismiss are denied as academic, and it is

ORDERED that the branch of Plaintiff's motion for a default judgment against the non-appearing New York City Environmental Control Board parties is granted, but denied as to American Home Mortgage, and it is

ORDERED that **Elaine Shay, Esq., 800 3rd Avenue, Ste. 2800, New York, New York 10022 (212) 520-2690** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon

850219/2022  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST VCC 2019-02 vs. MCBRIDE, BRYANT ET AL
Motion No. 001

Page 3 of 5

compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

ORDERED that defendants John Doe #1 through John Doe #12 are hereby dismissed from this action; and it is further

ORDERED that the caption shall be amended to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL
LOAN TRUST VCC 2019-02,

                              Plaintiff,
         -against-

BRYANT MCBRIDE, TINA MCBRIDE, THE CHASE

MANHATTAN BANK, AMERICAN HOME
MORTGAGE, CITY OF NEW YORK, ACTING BY
AND THROUGH ITS DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT and NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD,

                              Defendants.

-----------------------------------------------------------------------X

          and it is further

     ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

     ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

     ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

     All parties are to appear for a virtual conference via Microsoft Teams on **June 14, 2024, at 11:00 a.m.**  If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk Tamika Wright (tswright@nycourt.gov) in writing to request that the conference be cancelled.  If a motion has not been made, then a conference is required to explore the reasons for the delay.

| **2/16/2024** | | | FRANCIS A. KAHN, III, A.J.S.C. |
| DATE | | | HON. FRANCIS A. KAHN III J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☒ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

850219/2022  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY
COMMERCIAL CAPITAL LOAN TRUST VCC 2019-02 vs. MCBRIDE, BRYANT ET AL
Motion No.  001

Page 5 of 5

[* 5]

SCHEDULE "A"

## SATISFACTION OF MORTGAGE

**THE CITY OF NEW YORK**, a municipal corporation having its principal office at the City Hall, Borough of Manhattan:

**DOES HEREBY CERTIFY,** that a Mortgage dated <u>November 16, 2000</u> made and executed by <u>Bryant McBride and Tina McBride</u> to THE CITY OF NEW YORK to secure the payment of the principal sum of <u>$20,000.00</u> without interest, and duly recorded in the Office of the Register of the City of New York, County of New York on <u>February 23, 2001</u> in Reel <u>3243</u>, Page <u>912</u>, and which mortgage has not been assigned of record;

**IS FULLY PAID**, and does hereby consent that the same be discharged of record.

THE CITY OF NEW YORK

**By:** **Department of Housing**
**Preservation and Development**

Date: <u>December 14, 2023</u>          By:
Lorraine Dowd-Snella, Director
Homeowner Mortgage Servicing

Approved as to form by standard type of class
FOR USE UNTIL June 30, 2024:

By:     /s/ Amrita Barth
Acting Corporation Counsel

CITY OF NEW YORK              )
                             )SS.:
COUNTY OF NEW YORK

On the 14th day of <u>December</u> in the year <u>2023</u>, before me, the undersigned, a Notary Public in and for said state, personally appeared <u>Lorraine Dowd-Snella</u>, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that she/he/they executed the same in her/his/their capacity(ies), and that by her/his/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Notary Public

MICHAEL F. CHAU
Notary Public, State of New York
No. 01CH6072272
Qualified in Queens County
Commission Expires May 14, 202_

*The altering of this document shall render it null and void*

♻ Printed on paper containing 30% post-consumer material.

[* 6]

SCHEDULE A

**RECORDED AT THE REQUEST OF:**
JPMorgan Chase Bank, NA - CORE

**Record and Return To:**
Document Recording Services
P.O. Box 3008
Tallahassee, FL 32315-3008



REF243307469A

## SATISFACTION OF MORTGAGE

FOR VALUABLE CONSIDERATION RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, **JPMORGAN CHASE BANK, N.A., SUCCESSOR IN INTEREST TO THE CHASE MANHATTAN BANK, A NEW YORK CORPORATION**, 10 S. **DEARBORN ST., CHICAGO, IL 60603** does hereby certify that a certain MORTGAGE, by **BROWNSTONE PARTNERS/AFF, L.L.C.** (collectively the "Borrower/Grantor") is PAID and does hereby consent that the same be discharged of record which is further described below:

Original Lender: **THE CHASE MANHATTAN BANK, A NEW YORK CORPORATION**
Dated: **06/04/1999** Recorded: **11/24/1999** Book: **2998** Page: **308** Loan Amount: **$520,575.00**
in **New York** County, **New York**

Block: **1907** Lot: **54** Block: **1718** Lot: **143** Block: **1721** Lot: **40** Block: **1721** Lot: **42** Block: **1721** Lot: **43** Block: **1721** Lot: **59** Block: **1721** Lot: **61** Block: **1902** Lot: **38** Block: **1902** Lot: **145** Block: **1904** Lot: **37** Block: **1904** Lot: **38** Block: **1906** Lot: **106** Block: **1720** Lot: **50** Block: **1720** Lot: **113** Block: **1722** Lot: **35** Block: **1722** Lot: **137** Block: **1903** Lot: **9** Block: **1905** Lot: **17** Block: **1905** Lot: **39** Block: **1905** Lot: **48** Block: **1907** Lot: **36** Block: **1907** Lot: **53**

**This mortgage has not been further assigned**

The party executing this instrument is the present holder of the above described.
IN WITNESS WHEREOF, this instrument was executed and delivered by the undersigned **11/04/2022**.

**JPMORGAN CHASE BANK, N.A., SUCCESSOR IN INTEREST TO THE CHASE MANHATTAN BANK, A NEW YORK CORPORATION**

By: _____
Name: **Michelle Mccauley**
Title: **Authorized Officer**

STATE OF **Illinois** } s.s.
COUNTY OF **Cook**

On **11/04/2022**, before me, the undersigned, personally appeared **Michelle Mccauley, Authorized Officer**, of **JPMORGAN CHASE BANK, N.A., SUCCESSOR IN INTEREST TO THE CHASE MANHATTAN BANK, A NEW YORK CORPORATION**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public: **Erika Leon**
My Commission Expires: **06/22/2026**
Commission #: **874296**

> ERIKA LEON
> Official Seal
> Notary Public - State of Illinois
> My Commission Expires Jun 22, 2026

REF243307469    58610033

[* 7]