U.S. Bank Trust, N.A. v Stewart (2024 NY Slip Op 05150)

U.S. Bank Trust, N.A. v Stewart

2024 NY Slip Op 05150

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 850292/17 Appeal No. 2851 Case No. 2023-06343 

[*1]U.S. Bank Trust, N.A., etc., Plaintiff-Respondent,
v
Doris E. Stewart, Defendant-Appellant, Commissioner of Jurors, et al., Defendants.

David A. Bythewood, Mineola, for appellant.
Locke Lord LLP, New York (Harry K. Tiwari of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, J.), entered on or about September 12, 2023, which, insofar as appealed from, denied defendant Doris Stewart's motion for leave to renew and to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court found that New York's Foreclosure Abuse Prevention Act was inapplicable to this action (CPLR 214[4][a]; see Genovese v Nationstar Mortgage LLC, 223 AD3d 37, 45 [1st Dept 2023]), a ruling defendant does not challenge on appeal. Rather, defendant raises the issue of standing. While that defense is contained in her answer, defendant did not raise the issue in any of the numerous dispositive motions she made in Supreme Court. Accordingly, we decline to reach the issue for the first time on appeal. 
Even if the issue were properly before us, US Bank Trust established standing at the commencement of the 2017 foreclosure action by attaching a copy of the note, endorsed in blank, to the complaint (see Bank of N.Y. Mellon v Knowles, 151 AD3d 596, 596-597 [1st Dept 2017]). Because the 2010 foreclosure action, which granted summary judgment in favor of defendant based on lack of standing, was not a final adjudication on the merits, plaintiff could properly assert standing in the 2017 foreclosure action (see 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp., 218 AD3d 417, 417-418 [1st Dept 2023]).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024