| Citimortgage, Inc. v Sriram |
|:---:|
| 2026 NY Slip Op 30758(U) |
| February 19, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 850041/2025 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. FRANCIS A. KAHN, III**                      PART                **32**

*Justice*

------------------------------------------------------------------------X

CITIMORTGAGE, INC.,

                           Plaintiff,

                  - v -

SAVITRI SRIRAM, BOARD OF MANAGERS OF THE 1400
FIFTH AVENUE CONDOMINIUM, JOHN DOE #1
THROUGH JOHN DOE #12, THE LAST TWELVE NAMES
BEING FICTITIOUS AND UNKNOWN TO PLAINTIFF, THE
PERSONS OR PARTIES INTENDED BEING THE
TENANTS, OCCUPANTS, PERSONS OR
CORPORATIONS, IF ANY, HAVING OR CLAIMING AN
INTEREST IN OR LIEN UPON THE PREMISES

                      Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850041/2025 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for         ORDER OF REFERENCE/REFERENCE TO

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a mortgage encumbering a parcel of real property located at 1400 5th Avenue, Unit TH-C2, New York, New York.  The mortgage was given by Sam Kalyanam ("Kalyanam"), now deceased, and Defendant Savitri Sriram ("Sriram") to non-party Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Citibank, NA ("Citibank").  The mortgage secures a loan given by Citibank to Kalyanam in an original principal amount of $1,704,000.00 which is memorialized by an adjustable-rate note.  The note and mortgage are both dated November 4, 2016.  By deed dated June 30, 2021, Kalyanam transferred his interest in the premises to Sriram.  On or about July 28, 2023, Kalyanam died survived by Sriram, his spouse.  Thereafter, Plaintiff commenced this action and pled a cause of action for foreclosure based upon a default in repayment of the indebtedness.  Defendant Sriram answered and pled eight affirmative defenses.

Now, Plaintiff moves for summary judgment against the appearing Defendant, to strike the answer and affirmative defenses, for a default judgment against the non-appearing Defendants, for an order of reference and to amend the caption.  Defendants Sriram opposes the motion.  In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see U.S. Bank, N.A. v James,* 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles,* 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC,* 78 AD3d 577 [1st Dept 2010]).  Proof supporting a *prima facie* case on a motion for summary judgment a cause of action for foreclosure must be in

[* 1]

admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No precise set of business records must be proffered, so long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported by an affirmation from Tamila Dean ("Dean"), a Vice-President of Document Execution for Cenlar FSB ("Cenlar"), the alleged servicer for Plaintiff, CitiMortgage, Inc. Dean avers that her affidavit is based on personal review of the business records of Plaintiff and Cenlar. Dean's affidavit laid a proper foundation for the admission Cenlar's records into evidence under CPLR §4518 by sufficiently showing that the records "reflect[ed] a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business", "that the record[s][were] made pursuant to established procedures for the routine, habitual, systematic making of such a record" and "that the record[s] [were] made at or about the time of the event being recorded" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 204 [2d Dept 2019]; *see also Bank of Am v Brannon*, 156 AD3d 1 [1st Dept 2017]). The records of other entities were also admissible since Dean established that those records were received from the makers and incorporated into the records Cenlar kept and that it routinely relied upon such documents in its business (*see eg U.S. Bank N.A. v Kropp-Somoza*, 191 AD3d 918 [2d Dept 2021]). Further, the records referenced by Dean were annexed to the moving papers (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]). A subservicing agreement submitted demonstrated Cenlar's authority to act for Plaintiff (*see Deutsche Bank Natl. Trust Co. v Silverman*, 178 AD3d 898 [2d Dept 2019]; *Deutsche Bank Natl. Trust Co. v Rudman*, 170 AD3d 950 [2d Dept 2019]).

Dean's review of the attached records demonstrated the material facts underlying the claim for foreclosure, to wit the mortgage, note, and evidence of mortgagor's default in repayment under the note (*see eg ING Real Estate Fin. (USA) LLC v Park Ave. Hotel Acquisition, LLC*, 89 AD3d 506 [1st Dept 2011]; *see also Bank of NY v Knowles*, supra; *Fortress Credit Corp. v Hudson Yards, LLC*, supra). Likewise, the submissions proved that any applicable statutory and contractual pre-foreclosure requisites were fulfilled (*see generally United States Bank Trust, N.A. v Mehl*, 195 AD3d 1054 [2d Dept 2021]; *Citimortgage, Inc. v Ustick*, 188 AD3d 793, 794 [2d Dept 2020]).

In opposition, Sriram's argument that mortgage is unenforceable because she did not sign the note is without merit. The purported absence of a note executed by Sriram "at the date of the execution and delivery of the mortgage does not impair it, since there was other sufficient consideration therefor" (*Sullivan v Corn Exch. Bank*, 154 AD 292, 294 [2d Dept 1912]). The validity of the mortgage "does not depend upon the form of the indebtedness, whether by note, bond or otherwise, but upon the existence of the debt which it was given to secure" (*id.*).

All the affirmative defenses are entirely conclusory and unsupported by any facts in the answer or by the papers submitted in opposition. As such, these affirmative defenses are nothing more than an unsubstantiated legal conclusion which is insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). To the extent that no

850041/2025 CITIMORTGAGE, INC. vs. SRIRAM, SAVITRI ET AL
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

specific legal argument was proffered in support of a particular affirmative defense or claim, they were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted without opposition (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted without opposition (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that the branch of Plaintiff's motion for summary judgment on its foreclosure claim against the appearing parties and for a default judgment against the non-appearing parties is granted; and it is further

ORDERED that **Allison Furman, Esq., 260 Madison Avenue, 15th Floor, New York, New York 10016, 212-684-9400** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

850041/2025 CITIMORTGAGE, INC. vs. SRIRAM, SAVITRI ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **June 25, 2026, at 10:00 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 2/19/2026 | | |
|---|---|---|
| **DATE** | | FRANCIS KAHN, III, A.J.S.C. |

HON. FRANCIS A. KAHN III
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | X | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]                                    4 of 4